**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| SIEMENS INDUSTRY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CONSTRUCTION DEVELOPMENT SERVICES, INC.,<br><br>Defendant. | Case No. 2:26-cv-399 |

**OPINION & ORDER**

In this breach of contract case, Plaintiff Siemens Industry, Inc. ("Siemens") requests default judgment on its claim against Defendant Construction Development Services Inc. ("CDSI"). ECF No. 13. For the reasons explained herein, the motion will be granted.

## I. BACKGROUND

On November 7, 2017, the United States Navy awarded CDSI a contract for a special energy project at Norfolk Navy Shipyard in Portsmouth, Virginia. ECF No. 1 ¶ 5. CDSI subcontracted portions of that project to Siemens. ECF No. 1 ¶ 6. The subcontract agreement outlines:

> With respect to any claim that may exist between [Siemens] and CDSI for which the Client is or may be liable, [Siemens] agrees that it will prepare its claim and will present it to CDSI for submission to the Client under the disputes resolution provisions of the Prime Contract. CDSI agrees that it will cooperate with [Siemens] in presenting such claim to the Client and will execute all documents which are necessary in order to pursue such

> claims on behalf of [Siemens]. [Siemens] agrees that it will bear its portion of the costs, including without limitation attorney, expert and litigation fees/costs necessary to pursue such a claim against the Client.

ECF No. 1-2 § 13.1.

On January 3, 2024, Siemens asked CDSI to present to the Navy a claim for $777,025 based on project delays and impacts. ECF No. 1 ¶ 8. Siemens alleges that CDSI did not present that claim to the U.S. Navy. ECF No. 1 ¶ 9.

Siemens filed its complaint on April 22, 2026, alleging that CDSI breached the subcontract agreement. ECF No. 1 ¶¶ 11–14. Siemens first attempted to serve process on CDSI's registered agent but was unable to do so. *See* ECF No. 9. Siemens then effected service on CDSI via the Secretary of the Commonwealth of Virginia. ECF Nos. 8, 9. CDSI failed to submit an answer or other responsive pleading. The Clerk entered a default on July 8, 2026. ECF No. 12.

## II. LEGAL STANDARDS

### A. Motion for Default Judgment

Once a defendant is served process, they have 21 days to respond. Fed. R. Civ. P. 12(a)(1)(A)(i). When a plaintiff shows that a defendant has failed to file responsive pleadings, the Clerk "must enter" a default, which amounts to an automatic admission of all allegations in the complaint that do not deal with the amount of damages. Fed. R. Civ. P. 55(a); Fed. R. Civ. P. 8(b)(6). After the Clerk enters a default, a plaintiff who seeks a default judgment on a claim that is not for a sum certain must "apply to the court for a default judgment." Fed R. Civ. P. 55(b)(2).

Before entering default judgment, the Court determines whether: "(1) it possesses personal jurisdiction over the defaulting party; (2) it possesses subject-matter jurisdiction over each of the claims; (3) the action is in the proper venue; and[] (4) the defaulting party received proper service of process." *Empire Fire & Marine Ins. Co. v. Pandt-Brown*, 322 F. Supp. 3d 694, 696 (E.D. Va. 2018).

Whether to grant a motion for default judgment is a matter for the court's discretion. *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Co.*, 383 F.2d 249, 251 (4th Cir. 1967). The Fourth Circuit strongly prefers that courts adjudicate cases on the merits and has encouraged district courts to construe Rule 55(c) liberally to deny motions for default judgment. *See, e.g.*, *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 421 (4th Cir. 2010); *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). However, default judgment is warranted when a defendant fails to appear or participate. *Fed. Trade Comm'n v. Pukke*, 53 F.4th 80, 106 (4th Cir. 2022); *see Chafin v. Chafin*, 568 U.S. 165, 175 (2013).

Courts in this district have found that default judgment should be granted when the defaulting party's unresponsiveness has halted the adversary process. *E.g.*, *JTH Tax, Inc. v. White*, No. 2:22-cv-272, 2023 WL 3321737, at *3 (E.D. Va. May 9, 2023); *Walsh v. Heavenly Hands Home Healthcare LLC*, No. 2:22-cv-237, 2022 WL 18777533, at *5 (E.D. Va. Sept. 1, 2022); *Alstom Power, Inc. v. Graham*, No. 3:15-cv-174, 2016 WL 354754, at *3 (E.D. Va. Jan. 27, 2016).

Because the defendant, by defaulting, has admitted the facts alleged in the complaint, the Court must determine whether the plaintiff's allegations are sufficient

for judgment to be entered. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). In other words, the Court must decide whether the complaint contains adequate factual materials to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 667–69 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Finally, if the moving party seeks a judgment on damages, the court has discretion over how damages may be shown. *Transp. Dist. Comm'n of Hampton Roads v. U.S. Workboats, Inc.*, No. 2:21-cv-181, 2021 WL 8445262, at *4 (E.D. Va. Sept. 17, 2021); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—*other than one relating to the amount of damages*—is admitted if a responsive pleading is required and the allegation is not denied.") (emphasis added).

**B. Pre-judgment Interest**

"Virginia law governs the award of prejudgment interest in a diversity case." *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999). In an "action at law . . . the judgment or decree of the court[] may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence." Va. Code § 8.01-382. It is within the Court's discretion whether to award prejudgment interest. *Hitachi Credit Am. Corp*, 166 F.3d at 633. "[The Court] must weigh the equities in a particular case to determine whether an award of prejudgment interest is appropriate." *Moore Bros. Co. v. Brown & Root, Inc.*, 207 F.3d 717, 727 (4th Cir. 2000).

## III. ANALYSIS

### A. Jurisdiction and Venue

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). Siemens is a Delaware corporation with its principal place of business in Georgia, and CDSI is a Virginia corporation with its principal place of business in Virginia, so there is complete diversity between the parties. ECF No. 1 ¶¶ 1–2. The amount in controversy exceeds $75,000 because Siemens's damages due to CDSI's alleged breach are $777,025, exclusive of interest.

When parties to a contract confer personal jurisdiction and venue on a particular court, the Court honors that agreement as long as it is not unreasonable. *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 651 (4th Cir. 2010). CDSI consented to suit in the United States District Court for the Eastern District of Virginia when it signed a subcontract agreement that contained a forum selection clause naming this as the proper court. *See* ECF No. 1-2 § 13.3. The Court finds that agreement is reasonable,[1] so it has personal jurisdiction over CDSI and venue is proper here. *See Albermarle*, 628 F.3d at 651 (standard for reasonableness).[2]

---

[1] There is no evidence before the Court that the formation of the parties' forum selection clause "was induced by fraud or over-reaching," neither party will be "deprived of [their] day in court" because of "grave inconvenience or unfairness" if the Court enforces the clause, the chosen law is not "fundamental[ly] unfair[]," and enforcing the forum clause would not "contravene a strong public policy" of the state of Virginia. *Albemarle Corp.*, 628 F.3d at 651.

[2] Even if the forum selection clause in the parties' contract does not settle the issue, jurisdiction and venue are proper. The Court has personal jurisdiction over CDSI under Virginia's long-arm statute, which states that "transacting any business in this Commonwealth" is sufficient to confer personal jurisdiction. Va. Code § 8.01-

### B. Service of Process

CDSI was properly served process. Federal Rule of Civil Procedure 4(h) instructs that a domestic corporation like CDSI may be served pursuant to state law—here, Virginia law. *See* Fed. R. Civ. P. 4(e)(1). Under Virginia law, a corporation's agent for service of process is the corporation's registered agent. Va. Code § 13.1-637(A). But if "after exercising due diligence, the party seeking service has been unable to locate the [registered agent] to be served," the party may appropriately serve the Secretary of the Commonwealth of Virginia instead. Va. Code § 8.01-329(B)(ii). Siemens was unable to serve process on CDSI's registered agent. It therefore properly served process via the Secretary of the Commonwealth of Virginia.

---

328.1(A)(1). Because CDSI is a Virginia corporation with its principal place of business in Virginia, ECF No. 1 ¶ 2, CDSI transacted business here and is subject to personal jurisdiction in Virginia.

This Court's exercise of personal jurisdiction also comports with the Due Process Clause of the United States Constitution, which permits personal jurisdiction where a defendant has minimum contacts with the state such that the defendant should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 943 (4th Cir. 1994). As a Virginia corporation, CDSI should reasonably anticipate that Siemens might seek to enforce its contract rights here.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events relevant to this case occurred in Portsmouth, Virginia. ECF No. 1 ¶ 5–9.

### C. Default Judgment

The Court would prefer to decide this case on the merits, but CDSI's nonresponse makes that impossible. *See Colleton Preparatory Acad.*, 616 F.3d at 417. By failing to file responsive pleadings, CDSI has brought the adversary process to a standstill. *See Walsh*, 2022 WL 18777533 at *5. Therefore, the Court finds default judgment appropriate and reasonable.

The parties agreed in their contract that Virginia law would govern disputes between them, so the Court applies Virginia law to the facts alleged and admitted. *See* ECF No. 1-2 § 13.3.

#### *i. Breach of Contract*

In Virginia, a plaintiff may prevail on a breach of contract action where there is "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004).

The subcontract agreement between Siemens and CDSI obligated CDSI to present to the Navy any claim by Siemens for which the Navy might be liable. ECF No. 1-2 § 13.1. By failing to present the January 3, 2024 claim Siemens requested, CDSI violated its contractual duty. ECF No. 1 ¶ 9. CDSI's failure to present the claim damaged Siemens in the amount of at least $777,025. ECF No. 1 ¶ 8, ECF No. 13-1 at 5–8.

The Court further finds that the affidavit of Tina Trenga, along with the documentation supplied as an exhibit to that affidavit, support a finding that CDSI

owes $777,025 for project delays and costs that it failed to submit to the Navy on behalf of Siemens. ECF No. 13-1. Accordingly, Siemens has provided the Court with sufficient evidence to determine its damages.

#### ***ii. Pre-Judgment Interest***

The subcontract agreement does not specify an interest rate at which pre-judgment interest should be calculated. Virginia law directs that pre-judgment interest on a contract without a fixed interest rate shall be awarded at a rate of six percent. Va. Code § 6.2-302(B); *see* Va. Code § 8.01-382.

Siemens seeks pre-judgment interest on its alleged $777,025 in damages, from February 3, 2024, to the date default judgment is entered. ECF No. 13 at 8. Because Siemens has borne the costs of CDSI's failure to submit its claim to the Navy, an award of prejudgment interest is appropriate to make Siemens whole. *See City of Milwaukee v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189, 195 (1995) ("The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss.").

## V. CONCLUSION

Plaintiff Siemens Industry, Inc.'s motion for default judgment (ECF No. 13) is **GRANTED.**

Judgment **SHALL** be entered against Defendant Construction Development Services, Inc. for damages in the amount of $777,025 plus pre- and post-judgment interest.

Pre-judgment interest shall be calculated at a rate of six percent beginning February 3, 2024, until the date the Clerk enters the Judgment. Post-judgment interest shall be calculated in the manner set forth in 28 U.S.C. § 1961.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to CDSI at the address included in the summons (ECF No. 7) and the address listed in the certificate of service attached to the motion for default judgment (ECF No. 9).

**IT IS SO ORDERED.**

/s/ JKW

Jamar K. Walker
United States District Judge

Norfolk, Virginia
September 10, 2026